UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER J.,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>　　　　　　　　　Defendant. | Case No.: 23-cv-02240-JLB<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>**[ECF No. 2]** |

Plaintiff Peter J. ("Plaintiff") has filed a Complaint against the Commissioner of Social Security (the "Commissioner") seeking judicial review of the Commissioner's final decision denying his applications for social security disability insurance benefits and supplemental security income. (*See* ECF No. 1.) Before the Court is Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* ("IFP Motion"). (ECF No. 2.) For the reasons set forth below, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's IFP Motion (ECF No. 2).

I.　　**Legal Standard**

All parties instituting a civil action, suit, or proceeding in a district court of the United States must pay a filing fee. 28 U.S.C. § 1914(a). An action may proceed despite

a party's failure to pay the filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1). Section 1915(a)(1) provides that:

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). As § 1915(a)(1) does not itself define what constitutes insufficient assets to warrant IFP status, the determination of indigency falls within the district court's discretion. *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."), *reversed on other grounds by* 506 U.S. 194 (1993). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). "One need not be absolutely destitute to obtain benefits of the [IFP] statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960). "Nonetheless, a plaintiff seeking IFP status must allege poverty with some particularity, definiteness[,] and certainty." *Escobedo*, 787 F.3d at 1234 (internal quotation marks and citation omitted).

## II. Discussion

Here, Plaintiff has not paid the $405[1] filing fee required to maintain a civil action in this District and has instead moved to proceed IFP. (ECF No. 2.) Plaintiff attests to the following under penalty of perjury in his affidavit of assets: He is not incarcerated, but has

---

[1] *See* 28 U.S.C. § 1914(a) ("The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $350[.]"); *CASD Fee Schedules*, https://www.casd.uscourts.gov/_assets/pdf/attorney/CASD%20FEE%20SCHEDULE.pdf) (imposing a $55 administrative fee for a civil action, suit, or proceeding).

no wages or income, does not have any cash in a checking or savings account, does not own an automobile, real estate, or other thing of value, and does not have any monthly expenses or debts. (*Id.* at 1–2.) However, Plaintiff avers that he receives food stamps of approximately $200–$300 a month. (*Id.* at 1.)

Plaintiff's IFP Motion is devoid of any information about the resources indicating how he supports himself, beyond governmental assistance for food. In the absence of an explanation of, for example, Plaintiff's living situation with no income and no expenses, the Court is left with questions that could go to the accuracy and completeness of the affidavit. The Court therefore finds that Plaintiff's affidavit of assets insufficiently demonstrates that he lacks the financial resources to pay the $405 filing fee without causing undue financial hardship. Accordingly, Plaintiff's IFP Motion is denied without prejudice.

### III.   Conclusion

For the aforementioned reasons, Plaintiff's IFP Motion (ECF No. 2) is **DENIED without prejudice**. On or before **January 8, 2024**, Plaintiff must either (1) file a renewed motion for leave to proceed *in forma pauperis* or (2) pay the requisite filing fee, otherwise his case may be dismissed.

**IT IS SO ORDERED.**

Dated: December 8, 2023

Hon. Jill L. Burkhardt
United States Magistrate Judge